UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS M. WRAY,<br><br>          Plaintiff,<br><br>v.<br><br>R. SIEGERT and S. SCHOENHUT,<br><br>          Defendants. | Case No. 1:24-cv-00506-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

    Plaintiff Thomas M. Wray is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A, and determined that it failed to state a claim upon which relief could be granted under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. The Court allowed Plaintiff an opportunity to amend and informed him that claims of inadequate prison medical treatment are analyzed under the Eighth Amendment to the U.S. Constitution. *See Initial Review Order*, Dkt. 8.

    Plaintiff has now filed a Motion to Review the Amended Complaint, which also appears to be the Amended Complaint itself. Dkt. 10. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff still has not stated a claim upon which relief may be granted. Accordingly, the Court will dismiss this case under 28 U.S.C. §§ 1915 and 1915A.

## 1. Motion to Appoint Counsel

Plaintiff seeks appointment of counsel. Dkt. 9. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly

found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's Motion to Appoint Counsel.

**2.    Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

 A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**3.   Factual Allegations**

The allegations in Plaintiff's Amended Complaint are contained in two paragraphs:

1. On or around May of 2024, [Health Services Director] R. Siegert has/is depriving diabetics from keeping on-hand glucose tablets or glucose gels at [the Idaho Maximum Security Institution]. She has total disregard knowing how serious this medical condition is and the risk and harm that exist by diabetics not having on-hand glucose tablets or glucose gels. In general it's called deliberate indifference.

2. Then on May 2, 2024 at 20:46 my blood glucose level dropped to 68. Mr. Schoenhut came and gave me one glucose tablet, I told him that the serving size is 4 tablets. This is also deliberate indifference.

*Am. Compl.*, Dkt. 10, at 1–2. The Amended Complaint also includes a copy of what appears to be the label of a box of Rugby® glucose tablets, indicating the serving size as four tablets.

4. **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the federal civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Eighth Amendment protects prisoners against cruel and unusual punishment and guarantees prisoners the right to minimally adequate conditions of confinement. To state a claim under the Eighth Amendment, a prisoner must plausibly allege that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

The Eighth Amendment includes the right to adequate medical treatment in prison. Prison officials or prison medical providers can be held liable if their "acts

or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

As to the subjective standard, "deliberate indifference entails something more than mere negligence, … [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official or prison medical provider acts with deliberate indifference "only if the [prison official or provider] knows of and

disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).

In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05 (footnotes omitted). Medical malpractice or negligence does not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

"If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188. Moreover, even prison officials or medical providers who *did* know of a substantial risk to an inmate's health will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

"There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks omitted). Accordingly, mere differences in judgment as to appropriate medical diagnosis, treatment, or prescription dosage between an inmate and prison medical providers are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has not plausibly alleged that Defendants violated the Eighth Amendment. As for not allowing diabetic inmates to keep glucose tablets on hand, the Amended Complaint does not plausibly suggest that Defendant Siegert's policy constitutes deliberate indifference. The Amended Complaint reveals that prison medical providers are available to dispense glucose tablets to diabetic inmates when medically necessary. Though Plaintiff may find it more convenient to have such tablets on hand rather than asking medical personnel for them, the mere failure to allow on-hand glucose tablets does not constitute cruel and unusual punishment.

With respect to Defendant Schoenhut's treatment of Plaintiff on May 2, 2024, the Amended Complaint suffers from a similar deficiency as the initial complaint—Plaintiff does not allege that the single glucose tablet he received was insufficient to correct his blood glucose level. *See Initial Review Order* at 3. Even

if a typical dosage is four tablets, medical providers may use their independent judgment to adjust the size of the dose required for an individual patient's medical needs. Thus, the Amended Complaint does not plausibly suggest that Schoenhut acted with deliberate indifference but, rather, suggests only that Plaintiff disagrees with Schoenhut's chosen dosage. *See Sanchez*, 891 F.2d at 242 ("A difference of opinion does not amount to a deliberate indifference to [an inmate's] serious medical needs.").

For the foregoing reasons, the Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

## 5. Conclusion

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Appoint Counsel (Dkt. 9) is DENIED.

2. Plaintiff's Motion to Review the Amended Complaint (Dkt. 10) is GRANTED.

3. The Amended Complaint fails to state a claim upon which relief may be granted. Accordingly, this case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: April 30, 2025

_____
B. Lynn Winmill
U.S. District Court Judge